# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR B. PERKINS, | Case No. 18-CV-2465 (PAM/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DR. SHELLEY STANTON, Chief Psychiatrist, | |
| Defendant. | |

Victor B. Perkins, plaintiff pro se.

Ana H. Voss, United States Attorney's Office, for defendant Dr. Shelley Stanton.

\*\*\*

Plaintiff Victor B. Perkins, a federal civil detainee, alleges that defendant Dr. Shelley Stanton committed medical malpractice and was deliberately indifferent to his medical needs by prescribing a Prilosec proton-pump inhibitor that, according to Perkins, caused him to suffer two "massive heart attacks." Compl. at 1 [ECF No. 1]. Perkins has brought essentially the same lawsuit before—a lawsuit that was dismissed with prejudice. *See Perkins v. Stanton*, No. 16-CV-1070 (PAM/FLN), 2017 WL 780573 (D. Minn. Feb. 28, 2017), adopting Report and Recommendation, 2017 WL 780886 (D. Minn. Jan. 27, 2017).

Stanton now moves to dismiss the complaint on two grounds. *See* Fed. R. Civ. P. 12(b); ECF No. 18. First, Stanton requests that the complaint be dismissed because

1

service of process was not effected within 90 days of the commencement of this action. *See* Fed. R. Civ. P. 4(m). Second, Stanton argues that this action is precluded by the earlier, unsuccessful action brought by Perkins against her. This Court rejects the first argument but agrees with the second. Perkins is precluded from seeking relief from Stanton on the same allegations and the same claims as the prior lawsuit; this action must therefore be dismissed.

### A. Rule 4(m)

Under Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Stanton contends, and Perkins does not adequately argue to the contrary, that service of process was not effected in this manner consistent with Rule 4 within 90 days of the submission of the complaint. Stanton seeks dismissal of this matter on that basis.

Generally, the plaintiff is responsible for ensuring that process is timely effected. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). That rule, however, is altered somewhat for litigants such as Perkins who have been granted *in forma pauperis* ("IFP") status. "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). In IFP litigation, service of process becomes an obligation

2

shared by the IFP litigant and the Court itself—the litigant being required to supply the necessary information to effect service of process, and the Court being required, through its officers, to complete service of process consistent with Rule 4.

Rule 4 also provides that, in some circumstances, a litigant (and therefore the Court) may attempt to procure *waiver* of service of process from the defendant. *See* Fed. R. Civ. P. 4(d). Because defendants subject to waiver of service have "a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), and because the "unnecessary expenses of serving the summons" in IFP cases are *judicial* resources—that is, public resources — this District's policy is to seek waiver of service wherever permitted under Rule 4. Waiver of service is appropriate for most "individual" defendants, *see* Fed. R. Civ. P. 4(e), but is not permitted where the individual defendant is "a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . ," Fed. R. Civ. P. 4(i)(3); *see also* Fed. R. Civ. P. 4(d).

Although Perkins is a federal detainee, the complaint in this matter did not indicate that Stanton might be a federal officer or employee. *See* ECF No. 1. Accordingly, this Court sought waiver of service from Stanton pursuant to Rule 4(d) shortly after this lawsuit was commenced. *See* ECF No. 4. When that waiver was returned to the Court as undeliverable, the Court sent a second waiver to a publicly available address of Stanton. There is no indication that Stanton failed to receive that waiver, and Stanton's attorney entered an appearance on her behalf shortly after the waiver was mailed.

Nevertheless, more than 30 days passed without acknowledgement of receipt or argument that waiver of service would be inappropriate in this matter. *See* Fed. R. Civ. P. 4(d)(A)(F). Accordingly, on February 5, 2019, this Court gave Stanton 20 days in which to "submit a responsive pleading, a motion to dismiss, or an explanation as to why a responsive pleading or motion to dismiss are not appropriate at this time." *See* ECF No. 14 at 2. Stanton ignored that order. Accordingly, this Court ordered Stanton to show cause why default judgment should not be entered in this matter, as Perkins had requested. *See* ECF No. 15.

Stanton's response finally arrived on March 20, 2019. *See* ECF Nos. 18 & 19. The response included the argument that this matter must be dismissed for failure to effect service within 90 days of the filing of the complaint. By this time, more than five months had passed since this Court first sought waiver of service, more than four months had passed since Stanton's attorney entered a notice of appearance, and about six weeks had passed since this Court's order directing a response—an order entered with a view towards determining whether service of process had yet been effected properly by its officers. Put another way, several months passed while the Court, consistent with its obligation under § 1915(d), attempted either to procure waiver of service or determine whether formal service would be necessary, all without response from Stanton or the government.

Against that backdrop, Stanton's request for this lawsuit to be dismissed pursuant to Rule 4(m) is unavailing. Because Perkins has good cause for the failure to effect service of process, this Court will not recommend dismissal on that basis. *See* Fed. R.

4

Civ. P. 4(m).  This action must be dismissed for another reason, though: the preclusive effect of Perkins's prior lawsuit.

### *B. Res Judicata*

As explained above, Perkins filed a lawsuit in this District against Stanton in April 2016.  In the amended complaint (the operative pleading in that matter), Perkins alleged that he had suffered two heart attacks "during the month of September 2015" after taking Prilosec, a medication prescribed by Stanton.  *See Perkins*, No. 16-CV-1070, ECF No. 5 at 2.  Perkins brought two claims against Stanton: A claim under federal law pursuant to *Bivens*[1] for alleged deliberate indifference to his medical needs; and a claim under state law for alleged medical malpractice.  *See Perkins*, 2017 WL 780886, at *1-3. Both claims were recommended for dismissal by Magistrate Judge Franklin L. Noel, the first claim on the basis of qualified immunity and the second claim because Perkins had "failed to include an affidavit stating that his medical malpractice claim has been reviewed by a qualified health care provider," as is required under for a medical-malpractice claim under Minnesota law.  *See id*. (citing Minn. Stat. § 145.682).  Perkins did not object to the recommendation of dismissal, which was adopted in its entirety; the lawsuit was accordingly dismissed with prejudice.  *See Perkins*, 2017 WL 780573, at *1.

In this matter, Perkins again alleges that Stanton's prescription of Prilosec caused him to "suffer two massive heart attacks" in September 2015.  Compl. at 1.  Perkins again seeks relief for alleged constitutional violations and under state law for medical

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

5

malpractice. *Id.* at 3. This lawsuit is, for all practical purposes, identical to the prior lawsuit.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). "Thus, res judicata precludes the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). "For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata . . . ." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). By contrast, for judgments in state-law cases (where federal jurisdiction is grounded in the diversity of citizenship of the parties), state law applies. *See Peschong v. Children's Healthcare*, 917 F.3d 656, 658 (8th Cir. 2019); *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617-18 (8th Cir. 1994).

Any differences between federal and Minnesota law on res judicata are immaterial here. Under federal law, a claim is precluded "when '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). All four elements of res judicata are met for Perkins's federal-law deliberate-indifference claim. Perkins's first lawsuit resulted in a final judgment on the merits with the finding

that Stanton had qualified immunity from the claim.  There is no suggestion that the Court lacked jurisdiction over the prior lawsuit.  The parties to the two actions are identical.  And the federal-law claims raised in the two actions are identical as well.  Perkins's claim of deliberate indifference is squarely foreclosed by federal res judicata doctrine.

So too is Perkins's state-law claim of medical malpractice barred by res judicata.  "Under Minnesota law, the disposition of an earlier claim constitutes a res judicata bar against the litigation of a subsequent claim where '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter.'"  *Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).  Again, the malpractice claim brought by Perkins in this action is premised on identical allegations as the claim brought in the earlier lawsuit.  The parties to the two cases are identical.  There was a final judgment on the merits of the earlier matter.[2]  And Perkins had a full and fair opportunity to litigate that earlier matter.

---

[2] Under Minnesota law, the dismissal of a medical-malpractice claim for failure to procure the necessary expert affidavit must be effected *with* prejudice.  *See Dutton v. St. Louis County*, No. 16-CV-0668 (WMW/LIB), 2018 WL 6051273, at *13 (D. Minn. July 13, 2018) (collecting cases).

7

The entirety of this action is barred by the doctrine of res judicata. This matter must be dismissed with prejudice on that basis.[3]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The motion to dismiss of defendant Dr. Shelley Stanton [ECF No. 18] be GRANTED.

2. The motions of plaintiff Victor B. Perkins [ECF Nos. 5, 7, 11, 12, 13, 23, 26, 30, 31, & 32] be DENIED.

3. This matter be DISMISSED WITH PREJUDICE.

Dated: June 27, 2019

       s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge

*Perkins v. Stanton*
Case No. 18-cv-2465 (PAM/TNL)

---

[3] Perkins's remaining pending motions may be dealt with briefly as follows. The many motions for summary judgment filed by Perkins [ECF Nos. 12, 23, 26, & 31] should be denied because Stanton is entitled to dismissal of this matter. Perkins's motion for "summary expenses for failure to effectuate waiver" [ECF No. 11] should be denied as *Perkins* did not incur expenses in effecting service of process. Perkins's discovery motions [ECF Nos. 7, 13, & 32] and motion for an interlocutory judgment [ECF No. 30] should be denied as moot. Finally, his motion for a default judgment [ECF No. 5] is without merit in light of the government's response to the complaint.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).