UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,                                         Civ. No. 18-2465 (PAM/TNL)

                    Plaintiff,
v.                                                         **MEMORANDUM AND ORDER**

Dr. Shelley Stanton, Chief Psychiatrist,

                    Defendant.

---

This matter is before the court on the June 27, 2019, Report and Recommendation ("R&R") of Magistrate Judge Tony Leung. (Docket No. 35.) The R&R recommends that this matter be dismissed with prejudice because Perkins's claims are barred by res judicata. Perkins filed timely objections to the R&R. (Docket Nos. 36, 37.)

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Perkins's objections and adopts the R&R.

**BACKGROUND**

The full factual background of this matter is stated in Magistrate Judge Leung's R&R. In short, Perkins claims that he "suffered two massive heart attacks" while taking a medication that Defendant Dr. Shelley Stanton prescribed to him. (Compl. (Docket No. 1) at 1.) Perkins sued Stanton in 2016, alleging that she was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and that Stanton committed medical malpractice in violation of Minnesota law. This Court dismissed that matter with

prejudice after adopting the R&R of Magistrate Judge Franklin Noel. Perkins v. Stanton, No. 16cv1070 (Docket No. 27). Perkins's deliberate indifference claim failed because Stanton was protected by qualified immunity. Perkins's claim for medical malpractice failed because he "failed to include an affidavit stating that his medical malpractice claim [was] reviewed by a qualified health care provider" as required for a medical malpractice claim under Minn. Stat. § 145.682. Perkins v. Stanton, No. 16cv1070, 2017 WL 780886, at *3 (D. Minn. Jan. 27, 2017) (Noel, M.J.).

Perkins filed the instant Complaint in 2018, which contains the same two allegations as his previous case.

**DISCUSSION**

Under federal law, res judicata applies when "'(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" Elbert v. Carter, 903 F.3d 779, 782 (8th Cir. 2018) (quoting Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998)). Similarly, under Minnesota law, the res judicata bar applies when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004).

In his objections, Perkins claims that the Court incorrectly decided the qualified immunity issue because Perkins is suing Stanton in her individual capacity rather than her

official capacity. Perkins further alleges that his medical malpractice claim is not barred by res judicata because this Court's earlier judgment was not "on the merits" and Perkins was not given a "full and fair opportunity to litigate the matter" because the claim was dismissed for failure to provide the required expert affidavit. Id. Perkins has not challenged the fact that the parties to the instant suit are identical or that the Court had jurisdiction over the previous case.

Perkins's argument regarding qualified immunity has already been heard and rejected. Perkins, 2017 WL 780886, at *3 ("Dr. Stanton is immune from suit in her official and individual capacities pursuant to the Eleventh Amendment and the doctrine of qualified immunity"). Because his arguments are identical to those in the previous case, Perkins's deliberate-indifference claim is barred by res judicata.

Perkins's medical-malpractice claim is similarly barred. A plaintiff's failure to provide the necessary expert affidavit in a medical-malpractice claim results in dismissal of the claim with prejudice. Flores v. United States, 689 F.3d 894, 900 (8th Cir. 2012). And unless the dismissal order states otherwise, an involuntary dismissal—"except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Accordingly, Perkins received a final judgment on the merits of this claim in his prior case, and the claim is barred by res judicata. And even if his claim was not barred, Perkins has still failed to include the necessary expert affidavit, and his claim would fail on that basis as well.

**CONCLUSION**

In sum, Perkins's claims are barred under the doctrine of res judicata and this matter must be dismissed with prejudice. Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 35) is **ADOPTED**;

2. Defendant's Motion to Dismiss (Docket No. 18) is **GRANTED**;

3. Plaintiff's Motions (Docket Nos. 5, 7, 11, 12, 13, 23, 26, 30, 31, and 32) are **DENIED**; and

4. This matter is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 5, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge